IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIER P.L.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-08788-MWJS<br><br>ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART<br><br>A# 246-290-920 |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART**

Petitioner Yanier P.L.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and petition for temporary restraining order, Dkt. No. 4 .

Upon entering the country in November 2022, Petitioner was arrested by immigration officers and placed into removal proceedings under 8 U.S.C. § 1229a. Dkt. No. 9, at pgs. 15–16. Petitioner was then released on his own recognizance. *Id.* at pg. 16. Immigration officers next encountered Petitioner at the Turner Guilford Knight Correctional Center in Florida in August 2026, and they detained him. *Id.* at pg. 19.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending that his detention without a bond hearing violates his due process rights. Dkt. No. 1, at pgs. 16–17. Petitioner seeks either his immediate release or a bond hearing. *See Id.* at pg. 17.

Respondent does not dispute that Petitioner was initially detained in November 2022, then released on his own recognizance. *See* Dkt. No. 9, at pg. 1. Nor does Respondent make any attempt to distinguish this case from the many decisions granting post-deprivation bond hearings in similar circumstances, with the burden of proof placed on the government to show by clear and convincing evidence that the noncitizen is either a flight risk or danger to the community. *See, e.g.*, *Jayner E.V.S. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026); *A.C.F. v. Warden Cal. City Det. Ctr.,* No. 1:26-cv-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026). To the extent Respondent contends that Petitioner must first exhaust his administrative remedies, they also acknowledge that "the petition for writ of habeas corpus can be construed as Petitioner's request for a hearing." Dkt. No. 9, at pg. 3. On the facts of this case, the court concludes that waiving the prudential exhaustion requirement is appropriate.

Given the foregoing, the petition is GRANTED to the extent Petitioner seeks a bond hearing. Respondent is therefore ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, by clear and convincing evidence at a bond hearing before a neutral

decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

Given the foregoing, Petitioner's petition for temporary restraining order, Dkt. No. 4, and motion for appointment of counsel, Dkt. No. 3, are DENIED AS MOOT. To the extent Respondent moves to dismiss the petition, Dkt. No. 9, that motion is DENIED. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 31, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge